UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY SCHLOSSER,<br>      Plaintiff,<br><br>      v.<br><br>HUNCHU KWAK, et al.,<br>      Defendants. | No. 3:20-cv-393 (SRU) |

### RULING ON PLAINTIFF'S MOTION TO OPEN JUDGMENT

Self-represented plaintiff, Jeffrey Schlosser, a state prisoner currently incarcerated at Cheshire Correctional Institution, filed this complaint under 42 U.S.C. § 1983 against twenty-four defendants. On July 15, 2020, I dismissed the complaint. Judgment in favor of the defendants entered on July 17, 2020. Schlosser has now moved to reopen judgment and to amend the complaint, attaching a 387-page proposed amended complaint and an additional 189 pages of exhibits. For the following reasons, Schlosser's motions are denied.

Schlosser's motion to reopen judgment cites no authority. Because Schlosser proceeds *pro se*, I liberally construe the motion as one filed pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) allows relief from a final judgment in identified circumstances, premised on one of six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The first five grounds are narrow and specific. The sixth ground, although broadly

worded, is narrowly interpreted. *See Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004). Schlosser contends that this case was improperly dismissed under the Prison Litigation Reform Act because his claim did not relate to conditions of confinement. *See* Doc. No. 25 at 2. Thus, the only applicable basis for relief is the catch-all provision set forth in subsection 60(b)(6).

Granting a motion to reopen judgment is within the court's discretion. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233 (1995) (describing Rule 60(b) as authorizing "discretionary judicial revision of judgments"). Before considering the merits of the motion, the court must determine whether the motion was timely filed. Any motion filed pursuant to the first three subsections must be filed within one year from the entry of judgment. For the other subsections, including subsection 60(b)(6), the motion must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). When a motion to set aside a judgment is untimely, the court "'will not examine the merits of a judgment.'" *Cruz v. Smith*, 2022 WL 4951539, at *2 (S.D.N.Y. Oct. 4, 2022) (quoting *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 189 (2d Cir. 2006)).

Here, judgment entered on July 17, 2020. Judgment, Doc. No. 15. The Court of Appeals denied Schlosser's appeal on November 29, 2021. Mandate, Doc. No. 23. Schlosser filed this motion on March 24, 2023, over thirty-two months after judgment entered and sixteen months after his appeal concluded. Mot., Doc. No. 25. Courts considering similar time periods have concluded that the motion to reopen judgment was not timely filed. *See, e.g.*, *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (concluding that a twenty-six-month delay in submitting a Rule 60(b)(6) motion was a "patently unreasonable delay absent mitigating circumstances"); *Alston v. Quik Park Garage Corp.*, 205 F.3d 1321, 2000 WL 232188, at *2 (2d Cir. Feb. 18, 2000) (summary order) (determining that a motion filed eighteen months after entry of judgment was not filed in a "reasonable time" under Rule 60(b)(6)); *Truskoski v. ESPN. Inc.*, 60 F.3d 74, 77

(2d Cir. 1995) (holding that plaintiff's Rule 60(b)(6) motion for reconsideration filed eighteen months after entry of judgment "plainly did not seek relief from judgment within a reasonable time"); *see also Flemming v. Rosadro*, 2010 WL 11546111, at *3 (N.D.N.Y. July 26, 2010) (providing that motions for relief from judgment filed nearly two years after judgment entered and fifteen months after the Second Circuit dismissed the appeal were not filed "within a reasonable time"), *aff'd,* 2011 WL 5222791 (2d Cir. Nov. 3, 2011); *Malik v. Mackey*, 2009 WL 255861, at *1 (S.D.N.Y. Jan. 30, 2009) (holding that a plaintiff who filed motion for reconsideration under Rule 60(b)(6) over two years after the ruling was filed did not file within a reasonable time).

Before I can conclude that the Rule 60(b) motion is untimely, I must also consider whether Schlosser has shown "mitigating circumstances to excuse such delay." *Satterfield v. Pfizer, Inc.*, 208 F. App'x 59, 61 (2d Cir. 2006) (summary order). Here, Schlosser states that he seeks to reopen this case because he has encountered difficulties prosecuting cases in state court. Schlosser seeks to amend the complaint in this action to "rebuild[] or replac[e] that majority of information that which is already there with (1) a completely new petition with new exhibits that will more correctly reflect [Schlosser's] deprivation of rights, privileges, and immunities[.]" *See* Mot. to Amend, Doc. No. 24, at 1. Schlosser's wish to relitigate already-dismissed claims is not a mitigating circumstance excusing failure to timely move to reopen. Accordingly, I deny Schlosser's motion to reopen judgment.

Further, even if Schlosser's motion were timely, I would still deny it on the merits. Rule 60(b) affords "extraordinary judicial relief" that can be granted only upon a showing of "'exceptional circumstances.'" *Carolina v. Pafumi*, 2017 WL 3381217, at *1 (D. Conn. Aug. 4, 2017) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). The party

3

seeking relief from judgment bears the burden of proof. *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). To prevail on a Rule 60(b) motion, Schlosser must satisfy a three-part test. First, he must present highly convincing evidence supporting his motion. Second, he must demonstrate good cause for failing to act sooner. Third, he must show that granting the motion would not impose an undue hardship on the defendants. *See Hemric v. City of New York*, 2001 WL 118561, at *4 (E.D.N.Y. Feb. 13, 2001) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material."); *Boehner v. Heise*, 2009 WL 1360975, at *4-5 (S.D.N.Y. May 14, 2009) (applying the Rule 60(b) test to a motion filed under Rule 60(b)(6)).

Here, Schlosser has met none of these requirements. Instead, he merely argues, incorrectly, that the Court improperly reviewed his complaint under the Prison Litigation Reform Act. Because Schlosser has not presented any highly convincing evidence that exceptional circumstances exist in this case, any relief under Rule 60(b) also would not be warranted.

Schlosser's motions to open judgment [**doc. no. 25**] is **DENIED** and his motion to file an amended complaint [**doc. no. 24**] is **DENIED** as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of April 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge